Attorneys for Plaintiff
Securities and Exchange Commission
Rebecca R. Dunnan, Trial Counsel (admitted *pro hac vice*)
H. Norman Knickle, Senior Counsel (admitted *pro hac vice*)
100 F Street NE
Washington DC 20549
Telephone: (202) 551-3813 (Dunnan)
Facsimile: (703) 420-6032
Email: DunnanR@sec.gov; KnickleN@sec.gov

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LIXIN AZARMEHR, JL REAL ESTATE DEVELOPMENT CORPORATION, NEVADA SKILLED NURSING LENDER, LLC, and NEVADA SKILLED NURSING DEVELOPER, LLC,<br><br>Defendants. | Case No. 2:24-cv-00707-JCM-MDC<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>***SUBMITTED IN COMPLIANCE WITH LR 26-1(b)*** |

I.   **INTRODUCTION**

On August 6, 2024, Plaintiff Securities and Exchange Commission (the "SEC" or "Commission") and Defendants JL Real Estate Development Corporation ("JL RED"), Nevada Skilled Nursing Lender, LLC ("Lender"), and Nevada Skilled Nursing Developer, LLC ("Developer") (collectively, the "Defendants"), held their early meeting of counsel pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Rule 26-1 of the Nevada Local Rules. The meeting was held via videoconference and was attended by counsel for both parties: Rebecca Dunnan and H. Norman Knickle for the SEC and Melvin White, William Coffield, Madison Florence, and Jared Butcher for the Defendants. During the Rule 26(f) meeting, the parties discussed the nature and basis of their claims and defenses, and the potential for resolution of this

action. The parties also discussed some of the subjects on which discovery may be needed.

### A.  Stipulated Discovery Plan and Scheduling Order

Defendants filed a responsive pleading in the form of a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on July 17, 2024. Pursuant to Rule 26(f)(3) of the Federal Rules of Evidence and Rule 26-1(b) of the Nevada Local Rules, the parties hereby stipulate and agree to the following Stipulated Discovery Plan and Scheduling Order:

| Event | Deadline |
|---|---|
| Initial Disclosures | September 10, 2024 |
| Amended Pleadings | October 15, 2024 |
| Fact Discovery Cut-off | January 13, 2025 |
| Expert Disclosure | November 14, 2024 |
| Rebuttal Expert Disclosure | December 13, 2024 |
| Dispositive Motion Cut-Off | February 12, 2025 |
| Final Pretrial Order | March 14, 2025 |

### B.  Alternative Dispute Resolution ("ADR")

In accordance with LR 26-1(b)(7), the parties hereby certify that they met and conferred regarding the possibility of using the ADR processes including mediation, arbitration and if applicable, early neutral evaluation to help resolve the case. At this time, the parties have not agreed to use a mediator nor have the parties set an ADR schedule.

### C.  Consent to Proceed before a Magistrate

In accordance with LR 26-1(b)(8), the parties hereby certify that they met and conferred regarding whether either side would consent to a trial by a magistrate judge under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73 and the use of the Short Trial Program (Gen. Order 2013-01). Neither party agreed to give consent to a trial by a magistrate judge.

### D.  Electronic Discovery

The SEC is retaining all electronically stored information believed to be potentially subject to discovery. Defendants are also retaining all electronically stored information believed to be potentially subject to discovery. The parties certify that they discussed whether to present evidence in electronic format to jurors for the purpose of jury deliberations. The parties agree to work together to present evidence in electronic format compatible with the Court's evidence display

equipment.

### E. Privilege Issues

The parties are not aware at this time of any issues about claims of privilege or of attorney work product protection regarding trial-preparation materials but reserve the right to assert claims of privilege or attorney work product protection.

### F. Changes to Discovery Limitations

The parties do not currently believe that any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure.

## II. CONCLUSION

For the foregoing reasons, the parties respectfully requests that the Court sign the proposed scheduling order submitted by the parties.

**IT IS SO ORDERED.**
**Dated: 9/3/24**

_____
Hon. Maximiliano D. Couvillier III
UNITED STATES MAGISTRATE JUDGE

Stipulated and agreed to:

Dated: August 30, 2024

/s/ Rebecca R. Dunnan
Rebecca R. Dunnan
H. Norman Knickle
*Attorneys for Plaintiff*
*Securities and Exchange Commission*

Dated: August 30, 2024

<u>/s/ Melvin White, Esq.</u>
WILLAM F. COFFIELD, ESQ.,
(Admitted *Pro Hac Vice*)
MELVIN WHITE, ESQ.,
(Admitted *Pro Hac Vice*)
JARED R. BUTCHER, ESQ.,
(Admitted *Pro Hac Vice*)
BERLINER CORCORAN & ROWE LLP
1101 17th Street, NW, Suite 1100
Washington, D.C. 20036
Telephone: (202) 293.5555
Email: coffield@bcrlaw.com,
mwhite@bcrlaw.com, jbutcher@bcrlaw.com

1
2
3
4
5
6
7
8
9
10

J. Randall Jones, Esq., SBN 1927
Spencer H. Gunnerson, Esq., SBN 8810
Chad Aronson, Esq., SBN 14471
Madison S. Florance
Kemp Jones, LLP
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Telephone: (702) 385-6000
Email: r.jones@kempjones.com,
s.gunnerson@kempjones.com,
c.aronson@kempjones.com,
m.florance@kempjones.com

*Attorney(s) for Defendants Lixin Azarmehr, JL Real Estate Development Corporation, Nevada Skilled Nursing Lender, LLC, and Nevada Skilled Nursing Developer, LLC*

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

    U.S. SECURITIES AND EXCHANGE COMMISSION,
    100 F STREET NE, WASHINGTON, DC 20549
    Telephone No. (202) 551-3813; Facsimile No. (703) 420-6032.

On August 30, 2024, I caused to be served the document entitled **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Washington, DC, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Washington, DC.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

    I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 30, 2024

                                                  */s/ Rebecca R. Dunnan*
                                                  Rebecca R. Dunnan