1  DOMINIC P. GENTILE, ESQ.
   Nevada Bar No. 1923
2  MARK S. DZARNOSKI, ESQ.
   Nevada Bar No. 3398
3  **CLARK HILL PLC**
   1700 S. Pavilion Center Drive, Suite 500
4  Las Vegas, Nevada 89135
   Telephone: (702) 862-8300
5  E-mail:  dgentile@clarkhill.com
            mdzarnoski@clarkhill.com
6
   WILLIAM F. COFFIELD, ESQ.,
7  (Admitted *Pro Hac Vice*)
   MELVIN WHITE, ESQ.,
8  (Admitted *Pro Hac Vice*)
   JARED R. BUTCHER, ESQ.,
9  (Admitted *Pro Hac Vice*)
10 **BERLINER CORCORAN & ROWE LLP**
   1101 17th Street, NW, Suite 1100
11 Washington, D.C. 20036
   Telephone: (202) 293-5555
12 E-mail: wcoffield@bcrlaw.com
           mwhite@bcrlaw.com
13         jbutcher@bcrlaw.com
14
15 *Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 2:24-cv-00707-JCM-MDC |
| Plaintiff, | |
| vs. | **STIPULATION AND ORDER TO EXTEND PRE-TRIAL DEADLINES** |
| LIXIN AZARMEHR, JL REAL ESTATE DEVELOPMENT CORPORATION, NEVADA SKILLED NURSING LENDER, LLC, and NEVADA SKILLED NURSING DEVELOPMENT, LLC, | **[SECOND REQUEST]** |
| Defendants. | |

In accordance with LR IA 6-1, LR 26-1, and LR 26-3, Defendants Lixin Azarmehr, JL Real Estate Development Corporation, Nevada Skilled Nursing Lender, LLC, and Nevada Skilled Nursing Development, LLC (collectively "Defendants") and Plaintiff Securities and Exchange Commission ("Plaintiff" or "SEC") (all collectively referred to herein as the "Parties"), by and through their counsel of record, hereby stipulate and agree, subject to the Court's approval, to extend the close of discovery and the other pre-trial deadlines as proposed below in Section IV. This stipulation is being entered into in good faith, not for the purpose of delay, and good cause exists for the extension.

This is the second request for an extension of such deadlines. An extension is necessary because the Parties are still in the process of producing documents. As discussed in the Parties' Stipulation and Order to Extend Discovery Deadlines [First Request] (Doc. 28) ("First Request"). Defendants' production was delayed due to substantial delays in Defendants' present counsel's acquisition of Defendants' files and electronically stored information from Defendants' prior counsel. After a long delay, counsel received the data on October 18, 2024. However, Defendants' potentially responsive emails were not in the data. Defendants' present counsel have gathered and preserved potentially responsive emails and are in the process of conferring with Plaintiffs' counsel regarding the production of responsive emails.

I.     **DISCOVERY THAT HAS BEEN COMPLETED TO DATE:**

1. On September 10, 2024, the Parties each served their Initial Disclosures pursuant to FRCP 26(a)(1)(A).

2. On September 24, 2024, Defendants served Wells Fargo with a Subpoena to Produce Documents. By agreement with Wells Fargo, that Subpoena is being held in abeyance pending Defendants' counsel's review of documents Wells Fargo's counsel claims Wells Fargo provided to the SEC during the SEC's formal investigation. Defendants are reviewing the SEC's

investigative file and expect to request that Wells Fargo produce responsive documents that are not in the SEC's file.

3. On October 11, 2024, Plaintiff served Defendants with its First Set of Requests for Admissions, First Set of Interrogatories, and First Set of Requests for Production of Documents. Defendants have served their written responses and their document production is ongoing.

4. On October 23, 2024, Defendants served Plaintiff with their First Requests for Production of Documents and First Set of Interrogatories. Plaintiff has served its written responses, and its document production is ongoing.

5. On February 21, 2025, counsel met to confer regarding the status of discovery and potential ways to expedite discovery, including (a) using technology-assisted review to complete Defendants' production of their emails and (b) narrowing the scope of discovery through stipulations as to undisputed facts. Defendants' counsel have provided a technology assisted review proposal for Plaintiff's review and will propose stipulations of fact on or before March 13, 2025.

II.     **DISCOVERY TO BE COMPLETED:**

1. Completion of document productions.

2. Additional written discovery requests served by the Parties.

3. Additional disclosures made by the Parties as discovery continues.

4. Additional Subpoenas duces tecum to third-parties.

5. Disclosure of initial and rebuttal expert reports.

6. Depositions of the Parties.

7. Depositions of the experts.

8. Depositions of other pertinent nonparty witnesses.

9. Any further discovery needed following meet-and-confer efforts or discovery motion practice, if necessary.

### III. REASONS WHY REMAINING DISCOVERY WAS NOT COMPLETED:

The Parties have diligently worked to complete discovery. The remaining discovery has not been completed primarily because of the delay in Defendants' counsel's acquiring Defendants' files and electronically stored information, particularly Defendants' emails. On November 6, 2023, when the Parties filed their First Request (Doc. 28), Defendants' counsel had just received (October 18, 2024) Defendants' files and electronically stored information, but they could not access the data due to technical issues. When they accessed the data, Defendants' counsel saw that Defendants' emails were not in the data and needed to be gathered. Defendants' counsel have gathered and preserved approximately 37,000 potentially responsive emails spanning more than ten years.* As stated above, during the Parties' February 21, 2025 conferral meeting, Defendants' counsel proposed to Plaintiffs' counsel that technology assisted review be used to review and produce the responsive emails. Good cause exists to extend the discovery deadlines because Defendants require additional time to review and analyze the emails to participate in the remaining discovery meaningfully.

///

///

///

---

* The time period for Plaintiff's discovery requests is September 4, 2015 through the present, and Plaintiff's Complaint alleges facts during that time period. The time period is consistent with the ten-year statute of limitations for SEC enforcement actions.

### IV. PROPOSED SCHEDULE:

| Event | Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery Cut-off | May 13, 2025 | July 31, 2025 |
| Expert Disclosure | March 14, 2025 | May 29, 2025 |
| Rebuttal Expert Disclosure | April 14, 2025 | June 30, 2025 |
| Dispositive Motion Cut-Off | June 12, 2025 | August 28, 2025 |
| Final Pretrial Order | July 14, 2025 | September 30, 2025 |

IT IS SO STIPULATED.

Dated: March 5, 2025.

**CLARK HILL PLC**

By /s/ Mark S. Dzarnoski
DOMINIC P. GENTILE, ESQ.
Nevada Bar No. 1923
MARK S. DZARNOSKI, ESQ.
Nevada Bar No. 3398
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135

WILLIAM F. COFFIELD, ESQ.,
(Admitted *Pro Hac Vice*)
MELVIN WHITE, ESQ.,
(Admitted *Pro Hac Vice*)
JARED R. BUTCHER, ESQ.,
(Admitted *Pro Hac Vice*)
**BERLINER CORCORAN & ROWE LLP**
1101 17th Street, NW, Suite 1100
Washington, D.C. 20036
Telephone: (202) 293-5555

*Attorneys for Plaintiffs*

Dated: March 5, 2025.

**SECURITIES AND EXCHANGE COMMISSION**

By /s/ Rebecca R. Dunnan
REBECCA R. DUNNAN, ESQ.
H. NORMAN KNICKLE, ESQ.
100 F Street, NE
Washington DC 20549

*Attorneys for Plaintiff*

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order.

IT IS SO ORDERED:

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
DATED: 3/7/25