UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Securities and Exchange Commission,<br><br>    Plaintiff,<br><br>vs.<br><br>Lixin Azarmehr, et al.,<br><br>    Defendant. | 2:24-cv-00707-JCM-MDC<br><br>**ORDER** |

Pending before the Court are parties' *Briefs Regarding Discovery Dispute* (ECF Nos. 37, 38) filed in compliance with the Minute Order (ECF No. 36). For the reasons stated below, the Court orders the parties to file a *Stipulation Regarding Discovery* dispute in compliance with the Court's 08/28/24 Standing Order (ECF No. 22) addressing the apex doctrine objection asserted by defendant JL Real Estate Development Corporation and non-party Xiaoqian Huo.  The Court finds that Mr. Huo is subject to this Court's jurisdiction and to the deposition subpoena at issue (ECF No. 37-2)("Deposition Subpoena").  Mr. Huo was properly served with the Deposition Subpoena at issue and that he was afforded reasonable time to comply with the subpoena.  Thus, the only issue to be resolved is whether Mr. Huo should be protected from deposition under the "apex doctrine," or his deposition limited by such doctrine.

**DISCUSSION**

**I. BACKGROUND**

This is a case arising from an alleged fraudulent scheme to use funds solicited for the development of nursing home facilities in Las Vegas, Nevada for an unrelated real estate project of defendant JL Real Estate Development Corporation ("JL REDC"). Plaintiff, the Securities Exchange Commission ("SEC" or "plaintiff"), seeks to depose Xiaoqian Huo, the Chief Financial Officer and Director of defendant JL REDC.  *See ECF No. 38-6.* Plaintiff issued the Deposition Subpoena to Mr.

Huo requiring him to appear for deposition on April 25, 2025. Mr. Huo was personally served in Las Vegas, Nevada with the Deposition Subpoena on April 17, 2025. *See ECF No. 38-4 at p. 2.* On April 24, 2025, the Court received the following email from plaintiff's counsel, in which counsel for Mr. Huo and defendants was included:

> Hon. Maximiliano D. Couvillier III:
>
> I represent the U.S. Securities and Exchange Commission in the above-captioned matter and am reaching out to you because of an urgent discovery matter regarding enforcement of a third-party deposition subpoena.
>
> On April 17, 2025, the SEC served a third-party witness with a subpoena to appear for a deposition in Las Vegas, Nevada on April 25, 2025. In a phone call on April 18, counsel for the defendants informed the SEC that they represent the witness. Counsel asserted that service of the subpoena was deficient because a check for witness fees was not provided upon service, it violated the 100-mile rule, and advance notice of the deposition was insufficient. We met and conferred with counsel again yesterday and they propounded a new theory — that the witness should not have to submit to a deposition in this matter under the "apex doctrine." In this call, counsel informed us that neither counsel nor the witness would appear for the deposition on April 25, citing a conflict but refusing to reschedule. Since April 18, the SEC has indicated a willingness to move the date and location of the deposition to accommodate the witness and counsel or even conduct the deposition remotely. However, counsel for defense will not agree to accept service for another subpoena or produce the witness for a future deposition unless the Court orders them to do so.
>
> The SEC is concerned about losing the ability to depose the witness as he is a Chinese citizen who we believe is only in the United States for a short time and who was difficult to locate for service in the first instance. Further, the SEC does not believe the objections of defense counsel have merit.
>
> Therefore, we respectfully request an expedited hearing for the Court to decide whether the witness is subject to a deposition.
>
> Thank you,
>
> Rebecca
>
> Rebecca R. Dunnan
> Trial Counsel
> U.S. Securities and Exchange Commission
> Division of Enforcement
> 100 F Street NE, Washington, DC 20549

In response to the email, the Court ordered expedited briefing from the parties and Mr. Huo by April 25, 2025. *ECF No. 36.* The parties complied with the order and timely filed their briefs. *See ECF No. 37 (defendant JL REDT and Mr. Huo's brief) and ECF No. 38 (plaintiff's brief).*

Ultimately, JL REDT and Mr. Huo only object to the Deposition Subpoena on the following two grounds: (1) Mr. Huo was not given reasonable time to comply; and (2) Mr. Huo's deposition imposes an "undue burden" as a high-ranking officer and is subject to protection under the "apex doctrine." *ECF No. 37.*

## II.   LEGAL STANDARD

The Court has broad discretion to permit or deny discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998).

Rule 45 of the Federal Rules of Civil Procedure governs discovery disputes regarding subpoenas issued to nonparties. *See* Fed. R. Civ. P. 45. Rule 45(c)(1) provides that:

> (1) *For a Trial, Hearing, or Deposition*. A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
> (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
> (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
>    (i) is a party or a party's officer; or
>    (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. (c)(1)(A).

A nonparty served with a subpoena can (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Rule 45(d)(2)(B), or (3) move to quash or modify the subpoena in accordance with Rule 45(d)(3). *See* Fed. R. Civ. P. 45; *see also Stipp v. CML-NV One, LLC (In re Plise),* 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014).

//

## III. ANALYSIS

In sum, the Court determines that Mr. Huo was given reasonable opportunity to comply with the Deposition Subpoena and thus, will enforce the subpoena as reasonable. However, the Court will allow the parties to more fully address the apex objection by defendant JL REDC and Mr. Huo through the Court's discovery dispute resolution process in its 08/28/24 Standing Order (ECF No. 22).

Finally, while the declaration of plaintiff's counsel says plaintiff is concerned that Mr. Huo may leave the country and become "unreachable" (ECF No. 38-8 at ¶3), neither the declaration nor plaintiff's brief provide additional details or information to elaborate plaintiff's concern or demonstrate that Mr. Huo is likely to abscond, or otherwise persuade the Court that an exigent determination without giving defendants and Mr. Huo a reasonable opportunity to more fully brief their apex doctrine objection is necessary.

### A. The Deposition Subpoena Is Reasonable

Defendants and Mr. Huo argue that the plaintiff failed to give Mr. Huo reasonable time to comply with the subpoena. Rule 45 provides that non-parties are entitled to "reasonable time" to comply with subpoenas. Fed. R. Civ. 45(d)(3)(A)(i). Rule 45 does not specify what constitutes "reasonable time." However, where reasonableness is disputed, "Courts must determine what is reasonable based on the circumstances of each particular case." *Fernandez v. Penske Truck Leasing* Co., 2013 U.S. Dist. LEXIS 14786, at *3-4 (D. Nev. Feb. 1, 2013) (citing *Paul v. Winco Holdings, Inc.*, 249 F.R.D. 643, 656 (D. Idaho 2008)). The Court finds that, under the circumstances, Mr. Huo was afforded a reasonable time to comply with the Deposition Subpoena. In particular, plaintiff demonstrated that it offered Mr. Huo and opportunity to reschedule the deposition to a mutually convenient date and time. *See ECF No. 38-5 at 8*. Defendants and Mr. Huo, however, refused. *Id.* Moreover, defendants' and Mr. Huo's arguments are moot as the scheduled time for deposition has passed. Accordingly, the Court finds the Deposition Subpoena to Mr. Huo was reasonable and is enforceable.

//

### B. Apex Doctrine

"When a party seeks the deposition of a high-level executive (a so-called 'apex' deposition), courts have observed that such discovery creates a tremendous potential for abuse or harassment." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (citations omitted). Therefore, "[o]n the proverbial sliding scale, the closer that a proposed witness is to the apex of some particular peak in the corporate mountain range, and the less directly relevant that person is to the evidence proffered in support of his deposition, the more appropriate the protections of the apex doctrine become." *Id..* "A court may, in its discretion, disallow or limit such a deposition if the discovery 'can be obtained from some other source that is more convenient, less burdensome, or less expensive.'" *AbCellera Biologics Inc. v. Bruker Cellular Analysis*, 2025 U.S. Dist. LEXIS 72760, *6-7 (N.D. Cal. Apr. 16, 2025) (quoting Fed. R. Civ. P. 26(b)(2)(C)(i)). Defendants and Mr. Huo request additional time to more fully and completely develop their objection to Mr. Huo's deposition per the "apex doctrine." *ECF No. 37.* Because the Court finds that there are no exigent circumstances at this time, it will give parties an opportunity to fully brief this issue in accordance with the Court's Standing Order.

### C. Mr. Huo Remains Subject To The Deposition Subpoena

Neither parties nor Mr. Huo argue that this Court lacks personal jurisdiction over Mr. Huo or that his deposition in Las Vegas is somehow improper. *See ECF Nos. 37 and 38.* Therefore, the Court finds that Mr. Huo is subject to the Deposition Subpoena and that the Court has jurisdiction over Mr. Huo to compel his attendance for deposition by the plaintiff here in Las Vegas. *See NML Capital, Ltd. v. Republic of Arg.*, 2015 U.S. Dist. LEXIS 34043, at *25 (citing *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 & n. 20 (2d Cir. 2014)) ("A district court must have personal jurisdiction over a nonparty to compel it to comply with a discovery request under Rule 45."). Accordingly, Mr. Huo is obligated to appear at his deposition "at pain of being held in contempt." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018). The Court, however, will not compel Mr. Huo's deposition at this time to allow the parties to more fully brief the apex objection by defendant JL REDC and Mr. Huo.

**IV.  CONCLUSION**

For the foregoing reasons, the Court orders the parties to engage in the discovery dispute resolution procedure set forth in the Court's 08/28/24 Standing Order (ECF No. 22). In compliance with the Standing Order, the parties shall file a *Stipulation Regarding Discovery Dispute* as to Mr. Huo's apex doctrine objection by **May 9, 2025.**

ACCORDINGLY,

**IT IS ORDERED that:**

(1) Mr. Huo is subject to the Deposition Subpoena;

(2) The Court has jurisdiction over Mr. Huo to compel his attendance for deposition by the plaintiff here in Las Vegas; and

(3) The parties shall file a *Stipulation Regarding Discovery Dispute* as to Mr. Huo's apex doctrine objection by **May 9, 2025.**

DATED this 28th day of April 2025.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge