1
2

Rebecca R. Dunnan, Esq.*
H. Norman Knickle, Esq.*
*Admitted *Pro Hac Vice*
**U.S. Securities and Exchange**
**Commission**
100 F Street NE
Washington, D.C. 20549
Telephone: (202) 551-3813 (Dunnan)
Email: Dunnanr@sec.gov
KnickleN@sec.gov
*Attorneys for Plaintiff*

3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

8
9

10  SECURITIES AND EXCHANGE
    COMMISSION

CASE NO. 2:24-CV-00707-JCM-MDC

11
12                    Plaintiff,

13  vs.

**STIPULATION AND ORDER TO**
**EXTEND PRE-TRIAL DEADLINES**

14  LIXIN AZARMEHR, JL REAL ESTATE
    DEVELOPMENT CORPORATION,

**[THIRD REQUEST]**

15  NEVADA SKILLED NURSING LENDER,
    LLC, and NEVADA SKILLED NURSING
16  DEVELOPMENT, LLC,

17                    Defendants.

18
19

    In accordance with LR IA 6-1, LR 26-1, and LR 26-3, Plaintiff Securities and Exchange

20  Commission ("Plaintiff" or "SEC") and Defendants Lixin Azarmehr, JL Real Estate Development

21  Corporation, Nevada Skilled Nursing Lender, LLC, and Nevada Skilled Nursing Development,

22  LLC (collectively "Defendants") (all collectively referred to herein as the "Parties"), and by and

23  through their counsel of record, hereby stipulate and agree, subject to the Court's approval, to

24  extend the close of discovery and the other pre-trial deadlines as proposed below in Section IV.

25

26  This stipulation is being entered into in good faith, not for the purpose of delay, and good cause

27  exists for the extension.

28

This is the third request for an extension of such deadlines, all initiated by the Defendants. The Parties previously entered the following stipulations for extension of discovery deadlines, which the Court approved: First Stipulation for Extension of Time (ECF No. 28) ("First Request") and Stipulation for Extension of Time (Second Request) (ECF No. 32) ("Second Request").

An extension is necessary because the Defendants have outstanding productions and disclosures and Defendants, for the reasons set forth below, are not prepared to meet those obligations under the current discovery timeline. As stated in the Second Request, and described in more detail below, Defendants are still processing and have not yet produced, documents that may be responsive to outstanding discovery requests. In addition, on April 2, 2025, counsel for Defendants were ordered to conduct a trial in late July 2025 in a separate matter in the District of Delaware on an issue the Delaware Court bifurcated pursuant to Fed. R. Civ. P. 42 (b). Preparation for that will further hamper the ability of Defendants to meet their obligations for discovery in this matter. Therefore, Defendants assert they need additional time to complete discovery. And, at present, the SEC is prejudiced in its ability to efficiently complete depositions and other aspects of discovery without the requested documents. For these reasons, the Parties are proposing this Stipulation for a third extension of discovery deadlines.

**I.      DISCOVERY THAT HAS BEEN COMPLETED TO DATE:**

1.   On September 10, 2024, the Parties each served their Initial Disclosures pursuant to FRCP 26(a)(1)(A).

2.   On September 24, 2024, Defendants served non-party Wells Fargo with a subpoena to produce documents. Defendants initially held the subpoena in abeyance and later withdrew and then re-served an amended subpoena to produce documents on Wells Fargo on April 10, 2025.Defendants and Wells Fargo are engaged in ongoing discussions regarding the scope and timing of Wells Fargo's production of responsive documents.

3.   On October 11, 2024, Plaintiff served Defendants with its First Set of Requests for Admissions, First Set of Interrogatories, and First Set of Requests for Production of Documents. On October 23, 2024, Defendants served Plaintiff with their First Requests for Production of Documents and First Set of Interrogatories.

4.   The Parties agreed to extend the deadlines for responses, with the Defendants' written responses and production due December 20, 2024 and the SEC's written responses and production due January 2, 2025. On December 20, 2024, Defendants served their written responses and provided an accessible copy of a 168-document production on January 6, 2025. On January 2, 2025, the SEC served its written responses and made a 5,636-document production to counsel for Defendants with a privilege log. Defendants have challenged Plaintiff's assertion of privilege regarding certain communications between the SEC and the U.S. Citizenship and Immigration Services ("USCIS") and the Financial Industry Regulatory Authority ("FINRA"), respectively, and the Parties' conferral regarding that dispute is ongoing.

5.   On February 21, 2025, counsel met to confer regarding the status of discovery and potential ways to expedite discovery, including using technology-assisted review ("TAR") to complete Defendants' production of their emails. Counsel for Defendants indicated that in addition to emails there were physical documents in Las Vegas and documents related to the Legacy Jones construction site that might be responsive to the SEC's discovery requests. On or about April 8, 2025, counsel for Defendants began using technology-assisted review of the emails in question.

6.   On March 18, 2025, Defendants served subpoenas for documents on two non-parties: USCIS and FINRA. FINRA has produced some documents responsive to Defendants' subpoena, and Defendants and FINRA are engaged in ongoing discussions regarding the completion of FINRA's production.

7.   On April 9, 2025, Defendants answered the Complaint in this matter. ECF No. 35. Previously, the Parties had discussed narrowing the scope of discovery through a stipulation of facts. However, after the Court's order denying the Defendants' motion to dismiss the Complaint, ECF No. 34, the Defendants instead opted to answer the Complaint and abandoned the idea of a joint stipulation of agreed-upon facts. The SEC and Defendants are not in agreement as to whether the Defendants have substantially narrowed the scope of discovery. However, the Parties will continue to discuss narrowing the issues in dispute so as to conserve the Court's and the Parties' resources and time.

8.   On April 17, 2025, the SEC served a deposition subpoena on nonparty witness Xiaoqian Huo. After the SEC sought emergency relief from the Court, ECF No. 36, the Parties were each directed to brief whether service was sufficient and whether the "apex" doctrine prevented Mr. Huo's deposition, ECF Nos. 37, 38. The Court deemed service sufficient, ECF No. 39, and ordered the Parties to enter a stipulation regarding the discovery dispute, ECF No. 40. On May 20, 2025, the Court denied the Defendants motion for a protective order and compelled Mr. Huo to appear for a deposition in this matter prior to the close of discovery. ECF No. 41.

9.   On April 28, 2025, Defendants served the SEC with its Second Set of Requests for Production of Documents and Second Set of Interrogatories pertaining to the SEC's knowledge of the location of Mr. Huo. On May 28, 2025, the SEC served its written responses on Defendants and made a production.

10. On May 19, 2025, counsel for Defendants informed the SEC that they had recently retained an expert who would require until August 15, 2025 to finalize his/her report. Counsel for Defendants asked the SEC to consider an extension of expert disclosure deadlines in light of this development.

11. On May 22, 2025, counsel for Defendants asked the SEC to agree to an approximately 60-day extension of all existing discovery deadlines, including expert disclosures.

12. In addition to the conferrals between the Parties described above, the Parties have also continuously discussed discovery issues – either by phone or email – throughout the discovery period including, but not limited to, outstanding productions from Defendants, where to locate documents in productions, deadline extensions, questions about responses and objections to discovery requests, questions about productions, technical difficulties with productions, and deposition scheduling.

13. As of the date of this stipulation, the SEC has produced 6,821 documents to the Defendants. This number includes over 2,000 documents from Wells Fargo, FINRA, and USCIS. Prior to the commencement of this action on April 11, 2024 the Defendants, through prior counsel, produced 214 documents to the SEC. Defendants have produced 168 documents to the SEC since this matter was filed.

14. It is the position of the SEC that the inability to complete discovery within the existing timelines is the sole responsibility of the Defendants and the SEC will not agree to further extensions on these grounds absent extraordinary circumstances.

15. It is Defendants' position that they will continue to conduct discovery in good faith, and they will continue to seek stipulations as to undisputed facts.

II.       **DISCOVERY TO BE COMPLETED:**

1.   Completion of document production by Defendants.

2.   Additional written discovery requests served by the Parties.

3.   Additional disclosures made by the Parties as discovery continues, specifically updated Initial Disclosures by Defendants.

4.   Additional Subpoenas duces tecum to third-parties.

5.   Disclosure of initial and rebuttal expert reports.

6.   Depositions of the Parties.

7.   Depositions of the experts.

8.   Depositions of other pertinent nonparty witnesses.

9.   Any further discovery needed following meet-and-confer efforts or discovery

motion practice, if necessary.

### III.      REASONS WHY REMAINING DISCOVERY WAS NOT COMPLETED:

The Parties have been working since September 10, 2024 to complete discovery in this matter. However, the following materials are outstanding from the Defendants: (i) document productions including, but not limited to, responsive materials from the Defendants' emails, physical documents in Las Vegas, and documents related to the Legacy Jones construction site; (ii) updated initial disclosures; and (iii) a privilege log to attend their January 6, 2025 production. Defendants are also engaged in ongoing conferrals with non-parties Wells Fargo and USCIS, regarding Defendants' subpoenas. In addition, Defendants' conferral with non-party FINRA regarding the completion of FINRA's production is ongoing.

The Defendants' complete document discovery has been impacted by a matter in the District of Delaware where counsel for Defendants, Melvin White, Esq., and Jared Butcher, Esq., have been ordered, on short notice, to conduct a two-day trial from July 29-30, 2025. *Central Santa Lucia, L.C. v. Expedia Group, Inc.* No. 22-cv-367-JLH (D. Del.), ECF No. 155 (Scheduling Order). The trial will be conducted on an issue the Delaware Court bifurcated pursuant to Fed. R. Civ. P. 42(b). *Id.* ECF Nos. 153, 154.  Defendants assert that in light of this significant scheduling conflict, which arose in late March 2025, they cannot finalize outstanding productions, participate

in all depositions, and conduct expert discovery prior to July 31, 2025 (the current fact discovery deadline).

Should the Court grant the requested deadline extension, the Parties agree to the following deadlines for the outstanding materials described above:

**May 29, 2025, to July 15, 2025** – Defendants will make reasonable accommodations for the SEC to take at least two non-party witness depositions, and Plaintiff will make reasonable accommodations for Defendants to take at least one deposition of a non-party witness identified on Defendants' Initial Disclosures.

**June 13, 2025** – Defendants will serve the SEC with updated Initial Disclosures and a privilege log from their January 6, 2025, production.

**June 30, 2025** – Defendants will produce to the SEC any outstanding documents responsive to the Plaintiff's First Set of Requests for Production of Documents, including documents from the three categories listed above, with a privilege log.

**July 14, 2025** – Defendants and the SEC will meet and confer regarding any outstanding materials from the Defendants' June 30, 2025, production or any other issues relating to the Parties' First and Second Sets of Requests and the Parties' respective responses to Interrogatories.

Good cause exists to extend the discovery deadlines because Defendants require additional time to participate in the remaining discovery meaningfully and to permit the SEC sufficient time to review these materials. The Parties respectfully ask the Court to grant this extension in light of this, as well as the additional agreement between the Parties to continue to diligently conduct discovery through the imposition of internal deadlines.

### IV.    PROPOSED SCHEDULE:

| Event | Deadline | Proposed Deadline |
|---|---|---|
| Fact Discovery Cut-off | July 31, 2025 | September 30, 2025 |
| Expert Disclosure | May 29, 2025 | August 15, 2025 |
| Rebuttal Expert Disclosure | June 30, 2025 | September 5, 2025 |
| Dispositive Motion Cut-Off | August 28, 2025 | October 27, 2025 |
| Final Pretrial Order | September 30, 2025 | November 28, 2025 |

**IT IS SO STIPULATED.**

**Dated:**    May 29, 2025

By: /s/ Rebecca R. Dunnan
Rebecca R. Dunnan*
H. Norman Knickle*
*Admitted *Pro Hac Vice*
Securities And Exchange Commission
100 F Street, NE
Washington, DC 20549
Telephone: (202) 551-3813 (Dunnan)
Facsimile: (702) 420-6032 (Dunnan)
Email: dunnanr@sec.gov
knicklen@sec.gov

*Attorneys for Plaintiff*

/s/ Mark S. Dzarnoski
DOMINIC P. GENTILE, ESQ.
Nevada Bar No. 1923
MARK S. DZARNOSKI, ESQ.
**CLARK HILL PLC**
Nevada Bar No. 3398
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135

WILLIAM F. COFFIELD, ESQ., (*Pro Hac Vice*)
MELVIN WHITE, ESQ., (*Pro Hac Vice*)
JARED R. BUTCHER, ESQ., (*Pro Hac Vice*)
**BERLINER CORCORAN & ROWE LLP**
1101 17th Street, NW, Suite 1100
Washington, D.C. 20036
Telephone: (202) 293-5555

*Attorneys for Defendants*

If dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order. The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

**IT IS SO ORDERED:**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
DATED: 5/30/2025