REBECCA R. DUNNAN, ESQ.*
H. NORMAN KNICKLE, ESQ.*
*Admitted *Pro Hac Vice*
**U.S. SECURITIES AND EXCHANGE COMMISSION**
100 F Street NE
Washington, D.C. 20549
(202) 551-3813 (Dunnan)
(202) 551-5907 (Knickle)
Email: Dunnanr@sec.gov
KnickleN@sec.gov

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION | CASE NO. 2:24-CV-00707-JCM-MDC |
| Plaintiff, | |
| vs. | **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S UNOPPOSED MOTION TO APPROVE CONSENTS AND FINAL JUDGMENT AS TO ALL DEFENDANTS** |
| LIXIN AZARMEHR, JL REAL ESTATE DEVELOPMENT CORPORATION, NEVADA SKILLED NURSING LENDER, LLC, and NEVADA SKILLED NURSING DEVELOPMENT, LLC, | |
| Defendants. | |

Plaintiff Securities and Exchange Commission (the "SEC" or the "Commission") hereby moves the Court to approve the attached Consents as to Defendants Lixin Azarmehr ("Azarmehr"), JL Real Estate Development Corporation ("JL REDC"), Nevada Skilled Nursing Lender, LLC ("Lender"), and Nevada Skilled Nursing Development, LLC ("Developer") (collectively, the "Defendants"). In support of this Motion, the Commission states as follows:

1.     The Commission filed this case on April 11, 2024 alleging that the Defendants had engaged in various violations of the federal securities laws.

2.      The Commission has reached a settlement with all Defendants.

3.      Azarmehr has executed a Consent in this case ("Azarmehr Consent") by which she consents to, among other things, the jurisdiction of this Court and entry of an agreed Final Judgment ("Final Judgment") without a hearing, argument, or adjudication of any fact or law. The Azarmehr Consent and the Final Judgment are attached hereto as Exhibits A and E, respectively.

4.      Azarmehr has also executed a Consent in this case on behalf of JL REDC ("JL REDC Consent") by which JL REDC consents to, among other things, the jurisdiction of this Court and entry of an agreed Final Judgment without a hearing, argument, or adjudication of any fact or law. The JL REDC Consent and the Final Judgment are attached hereto as Exhibits B and E, respectively.

5.      Azarmehr has also executed a Consent in this case on behalf of Lender ("Lender Consent") by which Lender consents to, among other things, the jurisdiction of this Court and entry of an agreed Final Judgment without a hearing, argument, or adjudication of any fact or law. The Lender Consent and the Final Judgment are attached hereto as Exhibits C and E, respectively.

6.      Finally, Azarmehr has also executed a Consent in this case on behalf of Developer ("Developer Consent") by which Developer consents to, among other things, the jurisdiction of this Court and entry of an agreed Final Judgment without a hearing, argument, or adjudication of any fact or law. The Developer Consent and the Final Judgment are attached hereto as Exhibits D and E, respectively.

7.      The Final Judgment permanently restrains and enjoins the Defendants from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §

78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)].

8.      As to monetary relief, the Final Judgment orders JL REDC to pay disgorgement in the amount of $500,000.00 with prejudgment interest thereon in the amount of $200,000.00, and a civil penalty of $500,000.00. Additionally, the Final Judgment orders Azarmehr to pay a civil penalty of $75,000.00.

9.      Finally, the Final Judgment also restrains and enjoins Defendants for a period of 10 years, from participating in the offer or sale of any security which constitutes, or is promoted as constituting, a qualifying investment in a "commercial enterprise" under the United States Government EB-5 visa program administered by the U.S. Citizenship and Immigration Service.

10.     The entry of the Final Judgment would resolve all remaining issues before the Court in this matter.

11.     Accordingly, the undersigned respectfully requests the Court enter the Final Judgment and administratively close this case.

WHEREFORE, the parties respectfully request that the Court enter the attached proposed Final Judgment as to the Defendants.

**Dated:**      September 4, 2025

                          By: /s/ Rebecca R. Dunnan
                          Rebecca R. Dunnan*
                          H. Norman Knickle*
                          *Admitted *Pro Hac Vice*
                          Attorneys for Plaintiff
                          Securities and Exchange Commission

**PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action.  My business address is:

    U.S. SECURITIES AND EXCHANGE COMMISSION,
    100 F STREET NE, WASHINGTON, DC 20549
    Telephone No. (202) 551-3813; Facsimile No. (703) 420-6032.

On September 4, 2025, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S UNOPPOSED MOTION TO APPROVE CONSENTS AND FINAL JUDGMENT AS TO ALL DEFENDANTS** on all the parties to this action addressed as stated on the attached service list:

☐      **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐      **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐      **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Washington, DC, with Express Mail postage paid.

☐      **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐      **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Washington, DC.

☐      **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the following electronic mail addresses.

☒      **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐      **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

    I declare under penalty of perjury that the foregoing is true and correct.

 Dated:  September 4, 2025

                                        */s/ Rebecca R. Dunnan*
                                        Rebecca R. Dunnan

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

SECURITIES AND EXCHANGE
COMMISSION

          Plaintiff,

vs.

LIXIN AZARMEHR, JL REAL ESTATE
DEVELOPMENT CORPORATION,
NEVADA SKILLED NURSING LENDER,
LLC, and NEVADA SKILLED NURSING
DEVELOPMENT, LLC,

          Defendants.

CASE NO. 2:24-CV-00707-JCM-MDC

**CONSENT OF DEFENDANT
LIXIN AZARMEHR**

1.     Defendant Lixin Azarmehr ("Defendant") acknowledges service of the summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

        (a)     permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)];

(b)  further restrains and enjoins Defendant for a period of 10 years, from
participating in the offer or sale of any security which constitutes, or is
promoted as constituting, a qualifying investment in a "commercial
enterprise" under the United States Government EB-5 visa program
administered by the U.S. Citizenship and Immigration Service; and

(c)  orders Defendant to pay a civil penalty in the amount of $75,000.00 under
Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.    Defendant acknowledges that the civil penalty paid pursuant to the Final
Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the
Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the
civil penalty shall be treated as a penalty paid to the government for all purposes, including all
tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that she
shall not, after offset or reduction of any award of compensatory damages in any Related
Investor Action based on Defendant's payment of disgorgement in this action, argue that she is
entitled to, nor shall she further benefit by, offset or reduction of such compensatory damages
award by the amount of any part of Defendant's payment of a civil penalty in this action
("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset,
Defendant agrees that she shall, within 30 days after entry of a final order granting the Penalty
Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset
to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall
not be deemed an additional civil penalty and shall not be deemed to change the amount of the
civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action"

means a private damages action brought against Defendant by or on behalf of one or more

investors based on substantially the same facts as alleged in the Complaint in this action.

4.      Defendant agrees that she shall not seek or accept, directly or indirectly,

reimbursement or indemnification from any source, including but not limited to payment made

pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays

pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors.  Defendant further

agrees that she shall not claim, assert, or apply for a tax deduction or tax credit with regard to

any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final

Judgment, regardless of whether such penalty amounts or any part thereof are added to a

distribution fund or otherwise used for the benefit of investors.

5.      Defendant waives the entry of findings of fact and conclusions of law pursuant to

Rule 52 of the Federal Rules of Civil Procedure.

6.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of

the Final Judgment.

7.      Defendant enters into this Consent voluntarily and represents that no threats,

offers, promises, or inducements of any kind have been made by the Commission or any

member, officer, employee, agent, or representative of the Commission to induce Defendant to

enter into this Consent.

8.      Defendant agrees that this Consent shall be incorporated into the Final Judgment

with the same force and effect as if fully set forth therein.

9.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that she fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that she shall not be permitted to contest the factual allegations of the complaint in this action.

12. Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this

action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.    Defendant agrees to waive all objections, including but not limited to, constitutional, timeliness, and procedural objections, to the administrative proceeding that will be instituted when the judgment is entered.

15.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

16.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: _19/06/25._

_____
Lixin Azarmehr

State of Nevada    )
                   ) ss
County of Clark    )

On __JUNE 19__, 2025, Lixin Azarmehr, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

C T REYES
Notary Public, State of Nevada
No. 05-97211-1
My Appt. Exp. March 10, 2029

_____
Notary Public
Commission Expires: _3/10/2029_

Page 6 of 7

Approved as to form:

_____
Mark S. Dzarnoski
Clark Hill PLLC
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, NV 89135
Attorney for Defendant

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

SECURITIES AND EXCHANGE
COMMISSION

     Plaintiff,

vs.

LIXIN AZARMEHR, JL REAL ESTATE
DEVELOPMENT CORPORATION,
NEVADA SKILLED NURSING LENDER,
LLC, and NEVADA SKILLED NURSING
DEVELOPMENT, LLC,

     Defendants.

CASE NO. 2:24-CV-00707-JCM-MDC

**CONSENT OF DEFENDANT JL
REAL ESTATE DEVELOPMENT
CORPORATION**

  1.  Defendant JL Real Estate Development Corporation ("Defendant") acknowledges service of the summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

  2.  Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    (a)  permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)];

(b)    further restrains and enjoins Defendant for a period of 10 years, from participating in the offer or sale of any security which constitutes, or is promoted as constituting, a qualifying investment in a "commercial enterprise" under the United States Government EB-5 visa program administered by the U.S. Citizenship and Immigration Service;

(c)    orders Defendant to pay disgorgement in the amount of $500,000.00, plus prejudgment interest thereon in the amount of $200,000.00; and

(d)    orders Defendant to pay a civil penalty in the amount of $500,000.00 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.    Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil

penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.     Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.     Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.     Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.     Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.     Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.     Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

12.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

1  expenses, or costs expended by Defendant to defend against this action.  For these purposes,

2  Defendant agrees that Defendant is not the prevailing party in this action since the parties have

3  reached a good faith settlement.

4    14.    Defendant agrees to waive all objections, including but not limited to,

5  constitutional, timeliness, and procedural objections, to the administrative proceeding that will be

6  instituted when the judgment is entered.

7    15.    Defendant agrees that the Commission may present the Final Judgment to the

8  Court for signature and entry without further notice.

9

10   16.    Defendant agrees that this Court shall retain jurisdiction over this matter for the

11  purpose of enforcing the terms of the Final Judgment.

12

13  Dated: 19/06/25                                   _____
                                                     JL Real Estate Development Corporation
14

15                                                   By: _____
                                                     Lixin Azarmehr
16                                                   Chief Executive Officer
                                                     JL Real Estate Development Corporation
17
State of Nevada      )
18                   ) ss
County of Clark      )
19
      On JUNE 19_____, 2025, Lixin Azarmehr, a person known to me, personally appeared
20  before me and acknowledged executing the foregoing Consent with full authority to do so on
    behalf of JL Real Estate Development Corporation as its Chief Executive Officer.
21

22                                                   _____
                                                     Notary Public
23                                                   Commission expires:  3/10/2029

24  Approved as to form:

25  _____

26  Mark S. Dzarnoski                          C T REYES
    Clark Hill PLLC                            Notary Public, State of Nevada
27  1700 S. Pavilion Center Drive, Suite 500       No. 05-97211-1
    Las Vegas, NV 89135                        My Appt. Exp. March 10, 2029
28  Attorney for Defendant

## JL REAL ESTATE DEVELOPMENT CORPORATION CERTIFICATE OF CORPORATE RESOLUTION

I, LIXIN AZARMEHR, do hereby certify that I am the duly qualified and acting Chief Executive Officer of JL REAL ESTATE DEVELOPMENT CORPORATION, a California corporation, and that the following is a complete and accurate copy of a resolution adopted by JL REAL ESTATE DEVELOPMENT CORPORATION:

**RESOLVED:** That LIXIN AZARMEHR, be and hereby is authorized to act on behalf of JL REAL ESTATE DEVELOPMENT CORPORATION, and in her sole discretion, to negotiate, approve, and make the offer of settlement of JL REAL ESTATE DEVELOPMENT CORPORATION, attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Officer be and hereby is authorized to undertake such actions as she may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

**IN WITNESS WHEREOF**, I have executed this Certificate as a sealed instrument this _19_ day of ___O 6___, 2025.

By: _____

LIXIN AZARMEHR, Chief Executive Officer

### NOTARY

State of Nevada    )
                   ) ss
County of Clark    )

On _JUNE 19_, 2025, Lixin Azarmehr, in her capacity as Chief Executive Officer of JL REAL ESTATE DEVELOPMENT CORPORATION, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: _3 | 10 | 2029_



C T REYES
Notary Public, State of Nevada
No. 05-97211-1
My Appt. Exp. March 10, 2029

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

SECURITIES AND EXCHANGE
COMMISSION

            Plaintiff,

vs.

LIXIN AZARMEHR, JL REAL ESTATE
DEVELOPMENT CORPORATION,
NEVADA SKILLED NURSING LENDER,
LLC, and NEVADA SKILLED NURSING
DEVELOPMENT, LLC,

            Defendants.

CASE NO. 2:24-CV-00707-JCM-MDC

**CONSENT OF DEFENDANT**
**NEVADA SKILLED NURSING**
**LENDER, LLC**

1.     Defendant Nevada Skilled Nursing Lender, LLC ("Defendant") acknowledges service of the summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

      (a)     permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; and

(b)     further restrains and enjoins Defendant for a period of 10 years, from

participating in the offer or sale of any security which constitutes, or is

promoted as constituting, a qualifying investment in a "commercial

enterprise" under the United States Government EB-5 visa program

administered by the U.S. Citizenship and Immigration Service.

3.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.      Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.      Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.      Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement

denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.    Defendant agrees to waive all objections, including but not limited to, constitutional, timeliness, and procedural objections, to the administrative proceeding that will be instituted when the judgment is entered.

13.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.


Dated: _19/06/25_                         _____
                                          Nevada Skilled Nursing Lender, LLC

                                          By: _____
                                          Lixin Azarmehr
                                          Manager
                                          Nevada Skilled Nursing Lender, LLC


State of Nevada        )
                       ) ss
County of Clark        )

     On _JUNE 19_____, 2025, Lixin Azarmehr, a person known to me, personally appeared
before me and acknowledged executing the foregoing Consent with full authority to do so on
behalf of Nevada Skilled Nursing Lender, LLC as its Manager.

                                          _____
                                          Notary Public
                                          Commission expires:   3/16/2029


Approved as to form:

_____
Mark S. Dzarnoski
Clark Hill PLLC
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, NV 89135
Attorney for Defendant

C T REYES
Notary Public, State of Nevada
No. 05-97211-1
My Appt. Exp. March 10, 2029

Page 5 of 5

## NEVADA SKILLED NURSING LENDER, LLC CERTIFICATE OF CORPORATE RESOLUTION

I, LIXIN AZARMEHR, do hereby certify that I am the duly qualified and acting Manager of NEVADA SKILLED NURSING LENDER, LLC, a Nevada limited liability company, and that the following is a complete and accurate copy of a resolution adopted by NEVADA SKILLED NURSING LENDER, LLC:

**RESOLVED:** That LIXIN AZARMEHR, be and hereby is authorized to act on behalf of NEVADA SKILLED NURSING LENDER, LLC, and in her sole discretion, to negotiate, approve, and make the offer of settlement of NEVADA SKILLED NURSING LENDER, LLC, attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Officer be and hereby is authorized to undertake such actions as she may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

**IN WITNESS WHEREOF**, I have executed this Certificate as a sealed instrument this 19 day of _____06_____, 2025.

By: _____

LIXIN AZARMEHR, Manager

### NOTARY

State of Nevada    )
                   ) ss
County of Clark    )

On _JUNE 19_____, 2025, Lixin Azarmehr, in her capacity as Manager of NEVADA SKILLED NURSING LENDER, LLC, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: 3/10/2029

C T REYES
Notary Public, State of Nevada
No. 05-97211-1
My Appt. Exp. March 10, 2029

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION<br><br>Plaintiff,<br><br>vs.<br><br>LIXIN AZARMEHR, JL REAL ESTATE DEVELOPMENT CORPORATION, NEVADA SKILLED NURSING LENDER, LLC, and NEVADA SKILLED NURSING DEVELOPMENT, LLC,<br><br>Defendants. | CASE NO. 2:24-CV-00707-JCM-MDC<br><br><br>**CONSENT OF DEFENDANT NEVADA SKILLED NURSING DEVELOPMENT, LLC** |

1.      Defendant Nevada Skilled Nursing Development, LLC ("Defendant") acknowledges service of the summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.      Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

> (a)      permanently restrains and enjoins Defendant from violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] and

Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; and

(b)    further restrains and enjoins Defendant for a period of 10 years, from participating in the offer or sale of any security which constitutes, or is promoted as constituting, a qualifying investment in a "commercial enterprise" under the United States Government EB-5 visa program administered by the U.S. Citizenship and Immigration Service.

3.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

4.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

5.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

6.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

7.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

8.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions.  Defendant further agrees to provide counsel for the Commission,

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

9.    Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

10.    Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies

the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint. If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

11.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12.     Defendant agrees to waive all objections, including but not limited to, constitutional, timeliness, and procedural objections, to the administrative proceeding that will be instituted when the judgment is entered.

13.     Defendant agrees that the Commission may present the Final Judgment to the

Court for signature and entry without further notice.

14.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

purpose of enforcing the terms of the Final Judgment.

Dated: 19/06/25

_____
Nevada Skilled Nursing Development, LLC

By: _____
Lixin Azarmehr
Manager
Nevada Skilled Nursing Development, LLC

State of Nevada    )
                           ) ss
County of Clark    )

On JUNE 19 , 2025, Lixin Azarmehr, a person known to me, personally appeared
before me and acknowledged executing the foregoing Consent with full authority to do so on
behalf of Nevada Skilled Nursing Development, LLC as its Manager.

_____
Notary Public
Commission expires: 3/10/2029

Approved as to form:

_____
Mark S. Dzarnoski
Clark Hill PLLC
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, NV 89135
Attorney for Defendant

C T REYES
Notary Public, State of Nevada
No. 05-97211-1
My Appt. Exp. March 10, 2029

## NEVADA SKILLED NURSING DEVELOPMENT,  LLC CERTIFICATE OF CORPORATE RESOLUTION

I, LIXIN AZARMEHR, do hereby certify that I am the duly qualified and acting Manager of NEVADA SKILLED NURSING DEVELOPMENT, LLC, a Nevada limited liability company, and that the following is a complete and accurate copy of a resolution adopted by NEVADA SKILLED NURSING DEVELOPMENT, LLC:

**RESOLVED:** That LIXIN AZARMEHR, be and hereby is authorized to act on behalf of NEVADA SKILLED NURSING DEVELOPMENT, LLC, and in her sole discretion, to negotiate, approve, and make the offer of settlement of NEVADA SKILLED NURSING DEVELOPMENT, LLC, attached hereto, to the United States Securities and Exchange Commission ("Commission") in connection with the investigation conducted by the Commission; in this connection, the aforementioned Officer be and hereby is authorized to undertake such actions as she may deem necessary and advisable, including the execution of such documentation as may be required by the Commission, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

**IN WITNESS WHEREOF**, I have executed this Certificate as a sealed instrument this _19_ day of ___06___, 2025.

By: _____

LIXIN AZARMEHR, Manager


### NOTARY

State of Nevada    )
                ) ss
County of Clark    )

On _JUNE 19_, 2025, Lixin Azarmehr, in her capacity as Manager of NEVADA SKILLED NURSING DEVELOPMENT, LLC, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:  3 | 10 | 2029

**C T REYES**
Notary Public, State of Nevada
No. 05-97211-1
My Appt. Exp. March 10, 2029

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

SECURITIES AND EXCHANGE
COMMISSION

               Plaintiff,

vs.

LIXIN AZARMEHR, JL REAL ESTATE
DEVELOPMENT CORPORATION,
NEVADA SKILLED NURSING LENDER,
LLC, and NEVADA SKILLED NURSING
DEVELOPMENT, LLC,

               Defendants.

CASE NO. 2:24-CV-00707-JCM-MDC

**FINAL JUDGMENT AGAINST DEFENDANTS LIXIN AZARMEHR,
JL REAL ESTATE DEVELOPMENT CORPORATION, NEVADA SKILLED NURSING
LENDER, LLC, AND NEVADA SKILLED NURSING DEVELOPMENT, LLC**

The Securities and Exchange Commission having filed a Complaint and Defendants

Lixin Azarmehr ("Azarmehr"), JL Real Estate Development Corporation ("JL REDC"), Nevada

Skilled Nursing Lender, LLC ("Lender"), and Nevada Skilled Nursing Development, LLC

("Development") (collectively, the "Defendants") having entered a general appearance;

consented to the Court's jurisdiction over Defendants and the subject matter of this action;

consented to entry of this Final Judgment without admitting or denying the allegations of the

Complaint (except as to jurisdiction and except as otherwise provided herein); waived findings

of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Defendants are

permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

     (a)    to employ any device, scheme, or artifice to defraud;

     (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

     (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

     (a)    any investment in or offering of securities;

     (b)    the use of investor funds; or

     (c)    the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendants or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendants are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)     to employ any device, scheme, or artifice to defraud;

    (b)     to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about:

    (a)     any investment in or offering of securities;

    (b)     the use of investor funds; or

    (c)     the misappropriation of investor funds or investment proceeds.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendants'

officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendants or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], the Defendants are further restrained and enjoined, for a period of 10 years, from participating in the offer or sale of any security which constitutes, or is promoted as constituting, a qualifying investment in a "commercial enterprise" under the United States Government EB-5 visa program administered by the U.S. Citizenship and Immigration Service.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the Defendants or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant JL Real Estate Development Corporation is liable for disgorgement of $500,000.00, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $200,000.00, and a civil penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] in the amount of $500,000.00. Defendant Lixin Azarmehr is separately liable for a penalty of $75,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendants JL REDC and Azarmehr shall satisfy their respective obligations by paying a total of $1,200,000.00 (JL REDC) and $75,000.00 (Azarmehr)

to the Securities and Exchange Commission within 30 days after the entry of this Final Judgment.

Defendants JL REDC and Azarmehr may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants JL REDC and Azarmehr may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

 and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; JL Real Estate Development Corporation and Lixin Azarmehr, respectively, as Defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants JL REDC and Azarmehr shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendants JL REDC and Azarmehr relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants JL REDC and Azarmehr.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act,

28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action.   Defendants JL REDC and Azarmehr shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants JL REDC and Azarmehr's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes

of this paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Azarmehr, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Azarmehr under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Azarmehr of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  September 24, 2025.

_____
UNITED STATES DISTRICT JUDGE